James S. Monroe (State Bar No. 102328)
Monroe Law Group
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE RYNESS COMPANY, INC., a California corporation; THE RYNESS COMPANY CALIFORNIA, INC., a California corporation; and TRC SERVICES CORPORATION, INC., a California corporation,<br><br>　　　　　　　　　Debtors.<br><br>　801 San Ramon Valley Blvd.<br>　Danville, CA 94526<br><br>Employer's Tax ID No.: 14-1878323; 33-0805836; 94-2314419 | Case Nos. 09-41466<br>　　　　　　09-41475<br>　　　　　　09-41476<br><br>[Jointly Administered Under Case No. 09-41466; Pleading Applies to All Cases]<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL**<br><br>[No Hearing Required] |

TO THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:

　　　　THE EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL (the "Application") of The Ryness Company, a California corporation ("TRC"), The Ryness Company California, Inc., a California corporation ("TRC California") and TRC Services Corporation, a California corporation ("TRC Services") (collectively, the "Debtors") respectfully requests authority to employ the Monroe Law Group as its general bankruptcy counsel pursuant to section 327(a) and 1107 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014. The facts supporting the Application are as set forth herein and in the

EX PARTE APPLICATION FOR ORDER AUTHORIZING AND
APPROVING EMPLOYMENT OF COUNSEL.

Case: 09-41466    Doc# 34    Filed: 03/16/09    Entered: 03/16/09 15:11:26    Page 1 of 5

Declaration of James S. Monroe filed concurrently herewith. In support of this request, the Debtors respectfully represent as follows:

1. On February 26, 2009 ("Petition Date") the Debtors filed their respective voluntary petitions under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases"). Shortly thereafter, the court granted the Debtors' application for joint administration of the Bankruptcy Cases. The Debtors' continue to operate their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors' business is the representation of builders, developers and sellers of new home subdivisions, ranging from single family detached developments to urban high-rise condominium projects, as marketer or broker. TRC is the holding company for TRC California and TRC Services, and is wholly owned by George and Kathleen Ryness. All business operations occur in TRC California, a licensed broker. Accounting and administrative functions are provided to the group through TRC Services.

**I.     SCOPE OF SERVICES**

3. By this Application, the Debtors seek to employ the Monroe Law Group as its general bankruptcy counsel in these Bankruptcy Cases effective as of the Petition Date. Due to the intricacies and complexities inherent in the reorganization process, the Debtors need an attorney to provide aid and assistance in the administration of these cases; to advise the Debtors concerning their rights and responsibilities under the Bankruptcy Code as debtor and debtors in possession; to provide continued representation in all negotiations and proceedings involving creditors and other parties in interest in matters relating to the administration of the bankruptcy estates; to assist in the formulation of a disclosure statement and viable plan of reorganization; to assist in confirmation of a chapter 11 plan; and to represent the Debtors in all other legal aspects of the Bankruptcy Cases in accordance with the powers and duties established by the Bankruptcy Code.

**II.    ELIGIBILITY AND DISINTERESTEDNESS**

4. James S. Monroe has more than 25 years experience in handling chapter 11 bankruptcy proceedings, has significant knowledge and understanding of the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States District Court for the Northern District of California, and specialized skill in bankruptcy matters which will enable Monroe Law Group to provide the Debtors with necessary legal services in the administration of these Bankruptcy Cases.

5. To the best of my knowledge, information, and belief, Monroe Law Group is disinterested as contemplated in Section 101(14) of the Bankruptcy Code as follows:

    a. Neither Monroe Law Group nor any of its attorneys or employees is a creditor of the Debtors, except for services provided and expenses incurred for the Debtors in connection with the above-captioned bankruptcy cases to date, which are subject to Bankruptcy Court approval;

    b. Neither Monroe Law Group nor any of its attorneys or employees was ever a director, officer, employee, equity security holder or an insider of the Debtors; and

    c. Neither Monroe Law Group nor any of its attorneys or employees has any interest materially adverse to the interest of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6. Monroe Law Group has conducted its conflicts and connections review based upon lists of the Debtors' vendors, creditors, employees, members and other parties in interest which the Debtors have provided. Based on this review, to the best of my knowledge, information and belief, Monroe Law Group does not hold or represent an interest adverse to the estates, is disinterested, and with the exception of the representation of the Debtors prior to the commencement of the cases and the matters described below, Monroe Law Group has no connection with the Debtors, their creditors, or any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee:

    a. In the ordinary course of business, Monroe Law Group received payments from the Debtors prior to the commencement of the Bankruptcy Cases in the amount of $2,502.50 on January 28, 2009 for pre-bankruptcy services rendered in December 2008 and billed in January 2009,

and $3,657.50 on February 19, 2009 for pre-bankruptcy services rendered in January 2009 and billed in February 2009; and

b. It is possible that the Debtors may have some legal rights against each other as a result of certain of their liabilities or payments made prior to the cases. The undersigned is not presently aware of such circumstances. However, the Debtors have agreed that in the event of a conflict or dispute between them, Monroe Law Group will not represent either party against the other, and each will engage separate counsel to represent them regarding any such dispute.

## III. TERMS OF EMPLOYMENT

7. The Debtors have agreed that the Monroe Law Group, subject to this Court's approval, shall be employed on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and the fee guidelines promulgated by this Court. Subject to the foregoing, the compensation agreed to be paid by the Debtors for services rendered and to be rendered by the Monroe Law Group in connection with the Bankruptcy Cases is as follows:

a. <u>Hourly Rates</u>. Attorney time on this matter will be billed at the rate of $385 an hour for James S. Monroe and $300 an hour for associates, and paralegal time at the rate of $125. Hourly billings will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. Theses hourly rates are subject to periodic review and increase.

b. <u>Expense Reimbursement</u>. The Debtors have also agreed that Monroe Law Group shall be reimbursed for its expenses incurred in connection with these cases. The amounts currently charged by Monroe Law Group for ordinary and customary expenses are as follows: internal copying and faxes are charged at 10 cents per copy/page, automobile travel at 55 cents per mile, and all other expenses are charged at actual, such as outside copying, messenger services, postage, long distance telephone, court reporters, airfare, hotel accommodations, car rental, parking, printing, filing fees, computerized research, lien searches, overnight delivery, attorney service fees, process service, and witness fees.

8. The Debtors have agreed that Monroe Law Group may move the Court for an order approving an interim compensation procedure allowing the Debtors to pay attorneys' fees and costs on a monthly basis, and if such an interim compensation procedure is approved by the Court, such fees and costs shall be so paid. In the event Monroe Law Group does not so move the Court, or the Court does not approve such an interim compensation procedure, Monroe Law Group shall have the right to apply to the Court for fees and costs pursuant to the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred twenty (120) days, or more frequently if authorized by the Court. Payment shall be immediately forthcoming upon approval of such fees and costs.

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1. Approving the Application;

2. Authorizing the Debtors to employ the Monroe Law Group as their general bankruptcy counsel in aid of these proceedings, upon the terms and conditions set forth above, effective as of the Petition Date; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 16, 2009

THE RYNESS COMPANY, INC.
THE RYNESS COMPANY CALIFORNIA, INC.
TRC SERVICES CORPORATION, INC.


By: */S/ George A. Ryness III*
    George A. Ryness III, President

MONROE LAW GROUP


*/s/ James S. Monroe*
Attorneys for Debtors

EX PARTE APPLICATION FOR ORDER AUTHORIZING AND
APPROVING EMPLOYMENT OF COUNSEL

-5-