James S. Monroe (State Bar No. 102328)
Monroe Law Group
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile:   (415) 723-7423
Email: jim@monroe-law.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE RYNESS COMPANY, INC., a California corporation; THE RYNESS COMPANY CALIFORNIA, INC., a California corporation; and TRC SERVICES CORPORATION, INC., a California corporation,<br><br>　　　　　　　　　Debtors.<br><br>801 San Ramon Valley Blvd.<br>Danville, CA 94526<br><br>Employer's Tax ID No.: 14-1878323; 33-0805836; 94-2314419 | Case Nos. 09-41466<br>　　　　　　09-41475<br>　　　　　　09-41476<br><br>[Jointly Administered Under Case No. 09-41466; Pleading Applies to All Cases]<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. § 327(e)**<br><br>[No Hearing Requested] |

TO THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:

　　　THE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. § 327(e) (the "Application") of The Ryness Company, a California corporation ("TRC"), The Ryness Company California, Inc., a California corporation ("TRC California") and TRC Services Corporation, a California corporation ("TRC Services") (collectively, the "Debtors") respectfully requests authority to employ the Law

EX PARTE APPLICATION FOR ORDER AUTHORIZING AND
APPROVING EMPLOYMENT OF SPECIAL CORPORATE
COUNSEL.

Case: 09-41466　　Doc# 47　　Filed: 03/19/09　　Entered: 03/19/09 14:45:30　　Page 1 of 5

Office of William W. Washauer ("Washauer"), 775 E. Blithedale Avenue, #407, Mill Valley, CA 94941 as its special corporate counsel pursuant to section 327(e). The facts supporting the Application are as set forth herein and in the Declaration of William W. Washauer filed concurrently herewith. In support of this Application, the Debtors respectfully represent as follows:

1. On February 26, 2009 ("Petition Date") the Debtors filed their respective voluntary petitions under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases"). Shortly thereafter, the court granted the Debtors' application for joint administration of the Bankruptcy Cases. The Debtors' continue to operate their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors' business is the representation of builders, developers and sellers of new home subdivisions, ranging from single family detached developments to urban high-rise condominium projects, as marketer or broker. TRC is the holding company for TRC California and TRC Services, and is wholly owned by George and Kathleen Ryness. All business operations occur in TRC California, a licensed broker. Accounting and administrative functions are provided to the group through TRC Services.

**I.     SCOPE OF SERVICES**

3. By this Application, the Debtors seek to employ Washauer to provide services as general corporate counsel for the Debtors (subject to any conflict issues that may arise in particular instances), including without limitation: (a) advising and representing the Debtors relating to general corporate matters, corporate transactions, acquisition and/or asset disposition issues, investigation, research and analysis of legal and factual corporate issues, analysis and application of law, negotiations with opposing counsel, drafting and preparation of corporate documents, contracts and agreements, written and oral communications with other parties and the Debtors; (b) providing services related to tax issues, employee benefit issues, employment issues, and general commercial litigation as the Debtors may determine necessary or appropriate to commence or defend; (c) provide services in relation to other corporate issues or debt and equity financing pursuant to any plan of

reorganization as the Debtors deem appropriate. The Debtors desire to retain Washauer effective as of the Petition Date to fill the needs of the Debtors regarding such matters.

## II. ELIGIBILITY AND DISINTERESTEDNESS

4. Washauer was admitted to the California Bar in 1975. Washauer has represented Debtors and its related and predecessor companies since 1978. In that time, Washauer has become well-acquainted with Debtors' business and the legal issues that arise in connection with the conduct of that business (including the services referenced in Paragraph 3 above).

5. Washauer has conducted its conflicts and connections review based upon lists of the Debtors' vendors, creditors, employees, members and other parties in interest which the Debtors have provided. Based on this review, to the best of the Debtors' knowledge, information and belief, Washauer does not hold or represent an interest adverse to the estates, is disinterested, and with the exception of the representation of the Debtors prior to the commencement of the cases, Washauer has no connection with the Debtors, their creditors, or any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

6. Within one year immediately preceding the case and in the ordinary course of business, Washauer received compensation for services rendered to, and costs advanced on behalf of, the Debtors in the amount of $ 224,000 (primarily for general corporate services, but also for some pre-bankruptcy related services).

## III. TERMS OF EMPLOYMENT

7. The Debtors have agreed that Washauer, subject to this Court's approval, shall be employed on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and the fee guidelines promulgated by this Court. Subject to the foregoing, the compensation agreed to be paid by the Debtors for services rendered and to be rendered by Washauer in connection with the Bankruptcy Cases is as follows:

a. <u>Hourly Rates</u>. Washauer's time on this matter will be billed at the rate of $350.00 an hour. Hourly billings will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. These hourly rates are subject to periodic review and increase.

b. <u>Expense Reimbursement</u>. The Debtors have also agreed that Washauer shall be reimbursed for its expenses incurred in connection with these cases. The amounts currently charged by Washauer for ordinary and customary expenses are as follows: internal copying and faxes are charged at 10 cents per copy/page, automobile travel at 55 cents per mile, and all other expenses are charged at actual, such as outside copying, messenger services, postage, long distance telephone, court reporters, airfare, hotel accommodations, car rental, parking, printing, filing fees, computerized research, lien searches, overnight delivery, attorney service fees, process service, and witness fees.

8. The Debtors have agreed that upon the Court's approval of an interim compensation procedure for professionals retained in the case, Washauer shall have the right to participate in such interim compensation procedure such that payment of Washauer's attorney's fees and costs will be made on a monthly basis in the amounts and upon the terms set forth in such interim compensation procedure. In the event the Court does not approve such an interim compensation procedure, Washauer shall have the right to apply to the Court for fees and costs pursuant to the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred twenty (120) days, or more frequently if authorized by the Court. Payment shall be immediately forthcoming upon approval of such fees and costs.

9. Other than as set forth above, there is no proposed arrangement between the Debtors and Washauer for compensation to be paid in this case and no agreement exists for the sharing of compensation awarded by the Court.

10. Based upon the foregoing, the Debtors believe that employing Washauer as special corporate counsel is in the best interests of the estates and the Debtors' creditors.

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1. Approving the Application;

2. Authorizing the Debtors to employ the Law Office of William W. Washauer as their special corporate counsel upon the terms and conditions set forth above, effective as of the Petition Date; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 17, 2009

THE RYNESS COMPANY, INC.
THE RYNESS COMPANY CALIFORNIA, INC.
TRC SERVICES CORPORATION, INC.


By: */S/ George A. Ryness III*
George A. Ryness III, President


MONROE LAW GROUP


*/s/ James S. Monroe*
Attorneys for Debtors