| | |
|---|---|
| James S. Monroe (State Bar No. 102328)<br>MONROE LAW GROUP<br>101 California Street, Suite 2450<br>San Francisco, CA 94111<br>Telephone: (415) 869-1575<br>Facsimile: (415) 723-7423<br>Email: jim@monroe-law.com<br><br>Attorneys for Debtors | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE RYNESS COMPANY, INC., a California corporation; THE RYNESS COMPANY CALIFORNIA, INC., a California corporation; and TRC SERVICES CORPORATION, INC., a California corporation,<br><br>                    Debtors.<br><br>801 San Ramon Valley Blvd.<br>Danville, CA 94526<br><br>Employer's Tax ID No.: 14-1878323; 33-0805836; 94-2314419 | Case Nos. 09-41466<br>              09-41475<br>              09-41476<br><br>[Jointly Administered Under Case No. 09-41466; Pleading Applies to All Cases]<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL YI IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF APPRAISER**<br><br>[No Hearing Requested] |

I, Michael Yi, declare as follows:

1. I am a Managing Director of Newport Valuations, 540 Wald Street, Irvine, California 92618 ("<u>NV</u>"), the proposed valuation services firm to be retained by The Ryness Company, a California corporation, The Ryness Company California, Inc., a California corporation, and TRC Services Corporation, a California corporation (collectively, the "<u>Debtors</u>"), debtors and debtors in

DECLARATION OF MICHAEL YI IN SUPPORT OF EX PARTE
APPLICATION FOR ORDER AUTHORIZING AND
APPROVING EMPLOYMENT OF APPRAISER

possession in the above-captioned chapter 11 bankruptcy cases filed on February 26, 2009. I have personal knowledge of the facts set forth in this declaration, and, if called to testify, could and would competently testify thereto. As to those matters stated on information and belief, I believe them to be true.

2. NV has more than 20 years experience in providing a full range of business valuation and financial advisory services. True and correct copies of NV's firm resume and my resume are attached hereto as **Exhibits A and B**, respectively, and incorporated herein by this reference.

3. NV has conducted its conflicts and connections review based upon lists of the Debtors' vendors, creditors, employees, members and other parties in interest which the Debtors have provided. Based on this review, to the best of the my knowledge, information and belief, NV does not hold or represent an interest adverse to the estates, and NV has no connection with the Debtors, their creditors, or any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

4. To the best of my knowledge, information, and belief, NV is disinterested as contemplated in Section 101(14) of the Bankruptcy Code as follows:

    a. Neither NV nor any of its employees is a creditor of the Debtors;

    b. Neither NV nor any of its employees was ever a director, officer, employee, equity security holder or an insider of the Debtors; and

    c. Neither NV nor any of its employees has any interest materially adverse to the interest of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5. The Debtors have agreed that NV, subject to this Court's approval, shall be employed for a fixed fee of $18,000 plus certain out-of-pocket expenses (for any travel and database purchases), as set forth in the proposed Engagement Letter and Fee Agreement attached hereto as **Exhibit C** and incorporated herein by this reference (the "Fee Agreement"), to determine the fair market value of the Debtors' business, on a going-concern basis, in connection with the Debtors' Joint Plan of Reorganization (Dated August 25, 2009). The Debtors have also agreed that NV shall be

DECLARATION OF MICHAEL YI IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF APPRAISER

-2-

Case: 09-41466    Doc# 158    Filed: 09/14/09    Entered: 09/14/09 13:33:26    Page 2 of 15

compensated for testimony or court hearing related services at the rate of $275 per hour for Michael Yi and $165 per hour for senior analysts, with a minimum of 4 hours.

6. Other than as set forth above, there is no proposed arrangement between the Debtors and NV for compensation to be paid in this case and no agreement exists for the sharing of compensation awarded by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September 2009 at Irvine, California.

*/s/ Michael C. Yi*
Michael Yi

DECLARATION OF MICHAEL YI IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF APPRAISER -3-

# EXHIBIT A



Newport Valuations is a leader in valuation and consulting, serving clients and their trusted advisors throughout the country, and with over 20 years of financial advisory services experience. The work Newport Valuations prepares is regularly reviewed and accepted by national and international corporations, their law and audit firms, as well as government and regulatory agencies including the IRS, DOL and the SEC.

## SERVICES

Newport Valuations provides a full range of business valuation and financial advisory services. We assist clients with due diligence and reporting issues related to their mergers, acquisitions, divestitures, financings, wealth transfer and tax reporting. We are recognized for our superior services, top quality work, and our integrity.

**COMPANY VALUATIONS**
- M&A
- C to S Conversions
- ESOP Valuations
- Estate Planning and Reporting
- Partial/Fractional Interest Valuations
- Warrants and Stock Options
- Insurance placements
- Buy-Sell Agreements

**ACCOUNTING AND TAX COMPLIANCE (INCLUDING 141, 142, 409A AND 123(R))**
- Enterprise value Calculations
- Goodwill Impairment Measurement
- Purchase Price Allocations
- Stock options

**RESTRUCTURING AND REORGANIZATION**
- Corporate Recapitalizations
- Debt Forgiveness and Insolvency Opinions
- Debt Instrument Valuations

**TRANSACTIONS**
- Fairness and Solvency Opinions
- Formation and Sale of ESOPs
- Transaction Advisory and Recapitalization

**INTANGIBLE ASSET VALUATIONS**
- Intellectual Property including:
  - Patents, Software, and technology
- Trademark and Tradename Valuations

**LITIGATION AND EMINENT DOMAIN**
- Lost Profit Analysis
- Eminent Domain proceedings
- Corporate and Partnership Dissolutions

Michael Yi, Managing Director   email: myi@newportvaluations.com
540 Wald Street • Irvine, CA 92618 • 949.861.8720 Tel • 949.910.4256 Fax

# Experience –Litigation and Dispute Cases

Elementis
Como Sports
DPI Labs, Inc.
Fire Sprinkler Systems, Inc.
Camarillo Mobile Park
Robertson Honda
Toyota of North Hollywood
Century West BMW
Universal City Subaru/Hyundai
Mazda of North Hollywood
Prestige Motor Imports
Insync Media, Inc.
American Concrete, Inc.
Mountain View Cemetery
Western States Envelope, Inc.
Southwest Wire
Perq's, Inc.
Ag-Fume Services, Inc.
St. George Warehouse & Trucking, Inc.
Northgate Innovations, Inc.
Tutor Time
G&G Industries
Venture Catalyst, Inc.
Nu Tech
TBI Associates
NILS Inc.
Dutch America Imports
National Reprographics Inc.
O'Connor Sales
Vanlaw Foods
Rauth Plan
AML Properties
IRS
Silver v. Silver

# EXHIBIT B

# Michael Yi

| | |
|---|---|
| **Position** | Managing Director<br>Newport Valuations Co.<br>540 Wald Street<br>Irvine, CA 92618<br>Direct Dial: 949-861-8720<br>Facsimile: 949-910-4256<br>Email: myi@newportvaluations.com |
| **Education** | Mr. Yi holds an MBA in Business Administration from the Anderson School at UCLA. He taught several MCLE and CPE courses for attorney and CPAs, and a business class at a local university in Orange County. Mr. Yi is a regular speaker at the ESOP Conference on valuations and was a co-editor of two recent ESOP valuation books (revised edition) published by the ESOP Association. |

**Certification and Professional Affiliations**

Mr. Yi has served as an officer or on the board of directors of numerous professional and non-profit organizations. He is presently active in the CFA Institute, Los Angeles Society of Financial Analysts, AICPA, California Society of CPAs, Professionals Network Group, ESOP Association (also a member of the Valuation Committee), American Society of Appraisers (ASA), Forum for Corporate Directors, and UCLA Alumni Association.

**Professional Experience**

Michael Yi, Managing Director of Newport Valuations, is responsible for project management and employee development. Specifically, he oversees recruiting and training analysts and preparation of business valuations. His responsibilities entail managing complex financial analysis, report writing, litigation support, client relationship management, and practice development. Mr. Yi manages the following valuation practices: mergers and acquisitions, corporate restructuring, S-corp. "Built-in" gains, corporate and partnership dissolutions, Employee Stock Ownership Plans (ESOPs), fairness and solvency opinions, estate, gift and income taxes, FAS 141, 142, 409A, 123(R), business litigation and others.

Mr. Yi has extensive professional experience, both as a consultant and as a practitioner. He was a CPA in public accounting with a Big Four and other national CPA firms prior to becoming the CFO of an IBM marketing company. Thereafter, he was an officer of a premier investment management firm with over $52 billion in assets under management, a Manager/Principal of a specialist business valuation firm located in West Los Angeles, CA., a Managing Director of an investment banking firm in Irvine, CA, and a Managing Director with Marshall & Stevens, a national business valuation firm in Los Angeles, CA.

# EXHIBIT C



September 11, 2009

Mr. James S. Monroe, Esq.
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111

Dear Mr. Monroe:

Newport Valuations ("NV") is pleased to submit this proposal for the determination of the fair market value of a 100% enterprise value of The Ryness Company, a California corporation, The Ryness Company California, Inc., a California corporation, and TRC Services Corporation, a California corporation (collectively, the "Company"), debtors and debtors in possession in the jointly administered chapter 11 bankruptcy cases filed on February 26, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09-41466, as of October 22, 2009 ("Date of Value").

## SCOPE OF SERVICES

We will determine the fair market value of the Company, on a going-concern basis, in connection with the Company's Joint Plan of Reorganization (Dated August 25, 2009)

We anticipate that this assignment will consist of a review of the Company' financial and operating data; an analysis of pertinent economic and industry data; discussions with management about the operations of the Company; and an analysis of future cash flow projections as of the Date of Value.

## BASIS OF VALUE

The basis of value will be **Fair Market Value**, which is defined as:

> *"The price at which property would change hands between a willing buyer and a willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, both parties having reasonable knowledge of relevant facts."*

## VALUATION PROCEDURES & FORMAT

Certain sections of our reports will describe the factors that are considered fundamental to the valuation of any business enterprise. These sections will be entitled:

---

540 Wald Street • Irvine, CA 92618 • 949.861.8720 Tel • 949.910.4256 Fax •

- Introduction
- Company
- Economic and Industry Analyses
- Financial Results and Projections
- Company Valuation

Consideration of the factors discussed in these sections will enable us to estimate the Company's growth prospects relative to the economy and industry, its revenue base and normal profitability, and the capital requirements and assets necessary to support the business as an ongoing enterprise.

The appraisal will consist of a review and analysis of the following factors as outlined in Revenue Ruling 59-60, as they apply to the valuation of the Company:

1. The nature of the business and the history of the enterprise from its inception;
2. The economic outlook in general and the condition and outlook of the specific industry;
3. The book value of the stock and the financial condition of the business;
4. The earning capacity of the Company;
5. The dividend-paying capacity of the Company;
6. Whether the enterprise has goodwill or other intangible value;
7. Sales of the stock and the size of the block of stock to be valued; and
8. The market price of stocks of corporations engaged in the same or a similar line of business, where their stocks are actively traded on a free and open market, either on an exchange or over-the-counter.

## REPORTS AND TIMING

Our reports will be in the form of narrative reports (the "Valuation Report") and will outline the appraisal techniques and procedures employed, and the various conclusions reached. We will commence the assignment upon your written authorization to proceed.

NV recognizes that timing is of the essence and will provide services to you in a manner that is consistent with your needs.

## CONFIDENTIALITY

We agree that the information and data provided to us in connection with this engagement, whether written or oral, will be kept confidential by us, our officers, employees and agents; will be disclosed only to such officers, employees and agents of ours as need to know in connection with this engagement; and will be used only for the purpose of this engagement. We reserve the right to utilize your name and logo in certain marketing materials provided that the materials refer to client matters that are public in nature. Newport Valuations will maintain the confidential nature of any information received from the client or developed during the engagement in accordance with established professional standards.

**PROFESSIONAL FEE**

Our fee is based on our estimate of the hours to be spent by the professionals assigned to the engagement. In addition, any out-of-pocket expenses (estimated to be a few hundred dollars for travel and database purchases) will be billed separately, at cost. Based on our knowledge of the work to be performed, our fee for preparation of the Valuation Report is $18,000 plus expenses.

Our fees for testimony or trial related services will be billed on a time-billing basis (i.e., hours worked multiplied by billing rates of individuals performing work), at $275 per hour for Michael Yi and $165 for senior analyst, with a minimum 4 hours.

The fee as quoted is valid for a period of 30 days, after which we reserve the right to revise it.

A retainer in the amount of $8,000 is required to initiate the assignment. The balance of the fee will be billed upon submission of the "draft" appraisal report and payable upon bankruptcy court.

Our fee is predicated on the information provided to us and referenced herein. If any unexpected problems are encountered during the course of the engagement, or you request additional services not contemplated above, we reserve the right to review our fee.

Work cancelled prior to completion will be billed in accordance with professional time and expenses incurred through the date of cancellation, plus reasonable administrative termination costs. If a retainer has been received, the difference between the above costs and the retainer, if any, will be refunded.

Fees are in no way contingent upon values concluded by Newport Valuations. Fees invoiced are due and payable regardless of whether our conclusions coincide with client expectations.

**OUR WORK PRODUCT AND LIMITING CONDITIONS**

Our report will include a description of our methods of determining our conclusion along with supporting documentation in the form of schedules, tables and exhibits.

It should be noted that no one formula or rule of thumb automatically yields a definitive determination of value. Each company and each situation involves unique factors. The valuation process combines the objective analysis of hard data with the application of experienced judgment to yield a reasonable conclusion.

Our report is not intended for general circulation or publication, nor is it to be used or reproduced for any purpose other than that stated on page one of this letter without our prior written permission.

In connection with our opinion, including, without limitation, our report and/or opinion, the Company and their successors or assignees agree to indemnify and hold harmless Newport Valuations and its managing directors and employees (all of the foregoing hereinafter collectively referred to as "Newport Valuations") against and from any and all losses, claims, damages, or liabilities to which Newport Valu-

Mr. James S. Monroe, Esq.
RE: Valuation of the Ryness Company California
September 11, 2009
Page 4

In connection with our opinion, including, without limitation, our report and/or opinion, the Company and their successors or assignees agree to indemnify and hold harmless Newport Valuations and its managing directors and employees (all of the foregoing hereinafter collectively referred to as "Newport Valuations") against and from any and all losses, claims, damages, or liabilities to which Newport Valuations may become subject in connection with its oral and written work and conclusions, under any statute, law, or regulation, including without limitation, the federal securities laws, and other federal or state statutes or common law, or otherwise, provided that Newport Valuations shall not be indemnified to the extent of such losses, claims, damages, or liabilities resulting from Newport Valuations' gross negligence or fraud in performance of its services.

If Newport Valuations' services are required in such areas as depositions, expert testimony, related meetings, conferences, and preparation time for such events, whether by written agreement of Client or subpoena by and party in litigation in which Newport Valuations' services may be relevant, the Client agrees that it will pay Newport Valuations' then current hourly rate for the person(s) involved plus reasonable and actually incurred out-of pocket-expenses.

Newport Valuations has no present or contemplated interest in the business or interests being valued, and the fees quoted are not contingent upon our findings or any other event.

It is understood and agreed that the effectiveness of this agreement is subject to prior bankruptcy court approval which the Company will seek to obtain as soon as reasonably practicable.

If these terms are acceptable and reflect an accurate understanding of the engagement as presently contemplated, please acknowledge by returning a signed copy of this agreement in the indicated place with a check for $8,000. Please feel free to call me at (949) 861-8720 if you have any questions or would like to discuss this proposal. We look forward to working with you on this important engagement.

Very truly yours,

NEWPORT VALUATIONS

*[signature]*

Michael C. Yi
Managing Director

---

ACCEPTING ENTITY:

Dated: September 11, 2009

THE RYNESS COMPANY, INC.
THE RYNESS COMPANY CALIFORNIA, INC.
TRC SERVICES CORPORATION, INC.

By: _____
George A. Ryness III, President

540 Wald Street • Irvine, CA 92618 • 949.861.8720 Tel • 949.910.4256 Fax •

**DISPUTE RESOLUTION PROCEDURE**

If any dispute, controversy or claim arises in connection with the performance or breach of this agreement (including disputes regarding the validity or enforceability of this agreement), either party may, upon written notice to the other party, request facilitated negotiations. Such negotiations shall be assisted by a neutral facilitator acceptable to both parties and shall require the best efforts of the parties to discuss with each other in good faith their respective positions and, respecting their different interests, to finally resolve such dispute.

Each party may disclose any facts to the other party or to the facilitator, which it, in good faith, considers necessary to resolve the dispute. However, all such disclosures will be deemed in furtherance of settlement efforts and will not be admissible in any subsequent litigation against the disclosing party. Except as agreed by both parties, the facilitator shall keep confidential all information disclosed during negotiations. The facilitator shall not act as a witness for either party in any subsequent arbitration between the parties.

Such facilitated negotiations shall conclude within sixty days from receipt of the written notice unless extended by mutual consent. The parties may also agree at any time to terminate or waive facilitated negotiations. The costs incurred by each party in such negotiations will be borne by it; the fees and expenses of the facilitator, if any, shall be borne equally by the parties.

If any dispute, controversy or claim arises in connection with the performance or breach of this agreement (including disputes regarding the validity or enforceability of this agreement) and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then such dispute, controversy or claim shall be settled by arbitration. The arbitration proceeding shall take place in the city in which the Newport Valuations office providing the relevant services exists, unless the parties agree to a different locale. The proceeding shall be governed by the provisions of the Federal Arbitration Act ("FAA") or, if a court of competent jurisdiction determines the FAA inapplicable, by the laws of the state in which the proceeding is to take place. In any arbitration instituted hereunder, the proceedings shall proceed in accordance with the then current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association, except that no pre-hearing discovery shall be permitted unless specifically authorized by the arbitration panel.

Such arbitration shall be conducted before a panel of three persons, one chosen by each party and the third selected by the two party-selected arbitrators. The arbitration panel shall have no authority to award non-monetary or equitable relief, and any monetary award shall not include punitive damages. The confidentiality provisions applicable to facilitated negotiation shall also apply to arbitration.

The award issued by the arbitration panel may be confirmed in a judgment by any federal or state court of competent jurisdiction. All reasonable costs of both parties, as determined by the arbitrators, including but not limited to (1) the costs, including reasonable attorneys' fees, of the arbitration; (2) the fees and expenses of the AAA and the arbitrators and (3) the costs, including reasonable attorneys' fees, necessary to confirm the award in court shall be borne entirely by the non-prevailing party, if one is designated by the arbitration panel.