James S. Monroe, Esq. (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 990-4349
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE RYNESS COMPANY, INC., a California corporation; THE RYNESS COMPANY CALIFORNIA, INC., a California corporation; and TRC SERVICES CORPORATION, INC., a California corporation,<br><br>Debtors.<br><br>801 San Ramon Valley Blvd.<br>Danville, CA 94526<br><br>Employer's Tax ID No.: 14-1878323; 33-0805836; 94-2314419 | Case Nos. 09-41466<br>09-41475<br>09-41476<br><br>[Jointly Administered Under Case No. 09-41466; Pleading Applies to All Cases]<br><br>Chapter 11<br><br>**DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION (DATED AUGUST 25, 2009)**<br><br>Date: November 19, 2009<br>Time: 2:30 p.m.<br>Place: 1300 Clay Street, Room 215<br>       Oakland, CA 94612<br>Judge: Honorable Edward D. Jellen |

I, George A. Ryness III, hereby declare:

1. I am the President of The Ryness Company, a California corporation ("<u>TRC</u>"), The Ryness Company California, Inc., a California corporation ("<u>TRC California</u>"), and TRC Services Corporation, Inc., a California corporation ("<u>TRC Services</u>"), debtors and debtors in possession (collectively, the "<u>Debtors</u>"), in the above-captioned voluntary bankruptcy cases under Chapter 11 of the Bankruptcy Code which were filed together on February 26, 2009. I have personal knowledge of

DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF
CONFIRMATION OF THE DEBTORS' JOINT PLAN OF
REORGANIZATION (DATED AUGUST 25, 2009)

Case: 09-41466   Doc# 192   Filed: 11/16/09   Entered: 11/16/09 09:30:06   Page 1 of 5

the matters stated herein except as to those matters stated on information and belief, and as to those matters, I am informed and believe them to be true. If called as a witness, I could and would competently testify as to those facts.

2. I have reviewed the Statement Re Requirements of 11 U.S.C. § 1129(a) and (b) and Checklist for Confirmation Hearing (the "Statement") filed concurrently herewith. To the best of my knowledge, information and belief, the Statement is factually accurate.

3. I have reviewed and participated in the preparation of: (a) the Debtors' Historical Balance Sheet attached as Exhibit 4 of the Declaration of Michael Yi ("Yi Declaration"); (b) The Debtors' Historical Income Statements for its Northern California operations (where the Debtors' business has been historically profitable and where the future business of the Reorganized Company will be focused) for the years 2003 through September 30, 2009, attached as Exhibit 5 of the Yi Declaration; (c) the Adjusted Income Statement for the years 2003 through September 30, 2009, attached as Exhibit 6 of the Yi Declaration; and (d) the Projected Income Statements for October 1, 2009 through 2014 of the Reorganized Company attached as Exhibit 7 of the Yi Declaration. To the best of my knowledge, information and belief, all of the information contained in said Exhibits 4-7 is factually accurate.

4. The financial projections for the Reorganized Company's business set forth in Exhibit 7 of the Yi Declaration are based upon the premise that the industry will not see much growth before 2012 because, *inter alia*, it will take that long to attract capital back to housing in California. Although the business in Northern California has performed better in the past, the Debtors are unable to forecast future performance in that range because the business has changed significantly since the earlier part of the decade and because the Reorganized Company will not have the cash resources to invest as heavily in growth as it has done in the past. The future revenue and expense projections set forth in Exhibit 7 represent the Debtors' best, good faith forecast of the Reorganized Company's future financial performance, based upon its historical performance, more than 30 years of experience in the industry, and reasoned estimates of future growth as the housing market improves.

DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION (DATED AUGUST 25, 2009)    -2-

Case: 09-41466    Doc# 192    Filed: 11/16/09    Entered: 11/16/09 09:30:06    Page 2 of 5

5. Based upon the Debtors' financial projections contained in Exhibit 7, the Debtors' reasonably anticipate that the Reorganized Company will have the ability to fund the deferred payments required by the Plan and payoff the secured claim of Adrienne Albert in the principal amount of $5,061,157 (Class 2) and the Exit Lender in the principal amount of $200,000 (Class 1), plus accrued interest on both of these claims, before they mature under the Debtors' Plan on February 27, 2016. The projections show that these claims should be paid off by no later than 2015. In addition, the Debtors' believe that any shortfall in revenues to pay off these claims when they mature can be addressed by refinancing any remaining balance of the indebtedness at such time when market conditions and the Reorganized Company's financial performance are expected to be substantially improved.

6. Based upon the ballots received for the Debtors' Plan, as set forth in the Ballot Tabulation, of the total Class 6 General Unsecured Claims in the approximate aggregate amount of $11.2 million, unsecured creditors asserting aggregate claims totaling approximately $350,000 have elected to receive the 5% cash distribution. Accordingly, the vast majority of Class 6 claimants will receive common stock of the Reorganized Company in exchange for their claims.

7. The Class 3 Claim of AICCO, secured by an insurance premium finance agreement, has been paid in full in ordinary course during the Debtors' bankruptcy and its claim has been withdrawn.

8. The Debtors are not aware of any remaining Class 4 Claims (Other Secured Claims). The only claimant in this class was Wells Fargo which had a claim in the amount of $7,100.21 secured by its setoff right against the sum of $7,100.21 held by it under administrative freeze from the Debtors' pre-petition bank account. Wells Fargo has already applied these funds in satisfaction of this claim pursuant to a stipulation and order for relief from automatic stay.

9. The Debtors are not aware of any remaining Class 5 Claims (Priority Employee Claims). The Debtors believe that all Class 5 Claims in the aggregate amount of approximately $290,000 have been paid in full during the case pursuant to Court authorization obtained on March 4, 2009 in connection with the Debtors' "First Day" Motions.

DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION (DATED AUGUST 25, 2009)   -3-

Case: 09-41466    Doc# 192    Filed: 11/16/09    Entered: 11/16/09 09:30:06    Page 3 of 5

10. The Debtors' estimate that they have accrued, unpaid administrative expenses for professional fees of approximately $335,000. Monroe Law Group has agreed that approximately $75,000 of this amount that is owed to it can, if necessary, be paid by the Reorganized Company in post-plan confirmation payments of $10,000 a month. All other administrative expenses incurred by the Debtors since the commencement of the bankruptcy cases, including U.S. Trustee Fees and bankruptcy court fees, have been paid during the cases. There is one other unpaid priority claim asserted against the Debtors – a claim in the amount of $55,024.80 by the City of Los Angeles. The Debtors believe that approximately $38,000 of this claim is entitled to priority status and the balance is a general unsecured claim for penalties.

11. As of November 13, 2009, the Debtors' had cash on-hand in their bank accounts totaling approximately $736,000. The Debtors will be able to satisfy all cash payments required at Plan Confirmation from these funds.

12. The Debtors estimate their unpaid claims as of the Confirmation Date as follows: (a) Administrative Claims of $335,000 (a liability of all Debtors); (b) Priority Tax Claims of $38,000 (a liability of TRC California); (c) Class 1 Claim (DIP Lender) in the amount of $200,000 (a liability of all Debtors); (d) Class 2 Claim (Adrienne Albert) in the amount of $5,061,157 (a liability of all Debtors); and (e) Class 6 (General Unsecured Claims) in the amount of $11,200,000 (at least $8.56 million of which is a liability of all Debtors); total of $16,834,157.

13. The Debtors' current assets consist of the following: (a) cash in bank accounts as of November 13, 2009, as follows: TRC - $154.39; TRC California - $729,732.85; and TRC Services - $6,192.37; (b) TRC California has approximately 140 open escrows with a gross value of $1,260,000 and a net value to the Debtors of approximately $500,000 (after deducting commissions and draws payable from the escrow proceeds to real estate agents and the builder clients); (c) marketing agreements with builder clients; (d) goodwill; (e) TRC's 100% ownership of PNH Realty Nevada, LLC, a Nevada limited liability company, which is being wound-down and has open escrows and cash with an aggregate value in the $25,000 range; (f) a contract claim of TRC California against EC-Mission Verde, LLC which is valued in its bankruptcy Schedules at $50,000; (g) miscellaneous

DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION (DATED AUGUST 25, 2009) -4-

Case: 09-41466   Doc# 192   Filed: 11/16/09   Entered: 11/16/09 09:30:06   Page 4 of 5

equipment and a vehicle which are owned by TRC California and which are valued in its bankruptcy Schedules at $32,000; (h) miscellaneous equipment and vehicles which are owned by TRC Services and which are valued in its bankruptcy Schedules at $38,000; and (i) a contract claim of TRC against Solution Partners NW/Windermere which is valued in its bankruptcy Schedules at $225,000. In a chapter 7 liquidation scenario, TRC's marketing agreements would have no realizable value since the agreements could not be preformed and are cancellable by the builder clients at any time and without cause on 30 days notice, and the value of the Debtors' goodwill would evaporate since it would cease operating. In addition, the Debtors believe that the value of TRC California's open escrows would greatly diminish too if the Debtors ceased operations were unable to manage them to closing.

14. Comparing the value of the Debtors' assets and the amount of their liabilities as set forth above, in the absence of the Plan, it is clear that the present liquidation value of their assets would be insufficient to pay their Administrative Claims, the DIP Financing, and the secured claim of Adrienne Albert in full. Thus, in a chapter 7 liquidation of the Debtor's, there would be no recovery for general unsecured creditors or equity holders. In addition, a liquidation of the Debtors would put out of work the approximately 100 people presently working for the Debtors, which includes 8 employees and the rest independent contractor sales agents.

15. The Debtors have no obligation to pay retiree benefits.

16. The Plan does not provide for the settlement of any claim or interest belonging to the Debtors or their Estates. The Plan does provide that the Amended Loan Agreement will contain a release of any claims against Adrienne Albert; however, the Debtors are not aware of the existence of any such claims in any event.

17. I believe that the Plan is proposed in good faith and that the Plan complies with all applicable requirements of the Bankruptcy Code and should be confirmed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 16th day of November 2009, at Danville, California.

*/s/ George A. Ryness III*
George A. Ryness III

DECLARATION OF GEORGE A. RYNESS III IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION (DATED AUGUST 25, 2009)  -5-